Filed 4/10/23 P. v. Krasnoperov CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G061802 |
| v. | (Super. Ct. No. 07NF2178) |
| VITALIY KRASNOPEROV, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Robert A. Knox, Judge. Affirmed.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Defendant Vitaliy Krasnoperov appeals from the trial court's summary denial of his petition for resentencing (Petition) under Penal Code section 1170.95.[1]

A 2008 complaint charged defendant and others with special-circumstance murder (§§ 187, subd. (a); 190.2, subd. (a)), attempted murder (§§ 187, subd. (a), 664, subd. (a)) and conspiracy to commit murder (§ 182, subd. (a)(1)). Following two trials, a jury convicted defendant on all three counts. The court sentenced him to life without the possibility of parole. We reversed the convictions on appeal in an unpublished opinion.[2] (*People v. Krasnoperov* (Jan. 15, 2015, G047719) [nonpub. opn.].)

After a third trial in 2016, a jury convicted defendant of conspiracy to commit murder; it was unable to reach a verdict on the other charged counts. The court sentenced defendant to a prison term of 25 years to life. Defendant waived his right to appeal from the conviction, and the court granted the prosecution's request to dismiss the murder and attempted murder charges against him, along with the associated enhancements.

In 2022, defendant filed the Petition seeking resentencing and the trial court appointed him counsel. The People responded to the Petition, arguing defendant was not eligible for relief because conspiracy to commit murder is not a crime to which section 1172.6 applies. Ultimately, the court summarily denied the Petition based on the same reasoning.

---

[1] All further statutory references are to the Penal Code. Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. For purposes of clarity, we refer to the statute as section 1172.6 throughout the opinion.

[2] Our prior opinion provides a detailed summary of the events leading to defendant's arrest. The underlying facts of the crimes are not relevant to the disposition of this appeal.

We appointed counsel to represent defendant on appeal. Counsel filed a brief summarizing the proceedings and facts of the case and advised this court she found no arguable issues to assert on defendant's behalf.[3] (*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.)

This court notified defendant twice he could file a supplemental brief on his own behalf. Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, the second notice advised defendant this court "may dismiss the appeal as abandoned" if no supplemental brief were to be filed. We received no supplemental brief from defendant and the time to file one has passed. We nevertheless exercise our discretion to conduct an independent review of the record and appointed counsel's Wende/Anders brief. (*People v. Delgadillo, supra*, 14 Cal.5th at p. 232.)

To assist us in our review, counsel suggested we consider whether a person convicted of conspiracy to commit murder is eligible for resentencing.

**DISCUSSION**

We have independently reviewed the entire record as required under *Anders v. California, supra*, 386 U.S. 738 and *People v. Wende, supra*, 25 Cal.3d 436, and have found no arguable issues on appeal. Therefore, we affirm the postjudgment order.

Relief under section 1172.6 is available only to those "'convicted of felony murder or murder under a natural and probable consequence theory . . . .'" (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723, quoting § 1170.95, subd. (a).) In *People v. Lewis* (2021) 11 Cal.5th 952, 970-971, the California Supreme Court held a trial court

---

[3] Prior to the filing of the brief, this court denied without prejudice a request by counsel to augment the record with jury instructions given during defendant's 2016 trial, and the jury's verdict forms from the same, on the ground it was unclear whether the documents were filed or lodged in the trial court in conjunction with its consideration of the Petition. Simultaneously, on this court's own motion, this court took judicial notice of those documents.

may rely on the record of conviction in determining whether a defendant's petition makes a prima facie showing for relief under section 1172.6. Doing so aids the court in "distinguish[ing] petitions with potential merit from those that are clearly meritless." (*Id.* at p. 971.)

It is undisputed defendant was not convicted of felony murder or murder under a natural and probable consequence theory. He was convicted of conspiracy to commit murder, as evidenced by the jury verdict forms from the 2016 trial, the trial court minutes and the associated abstract of judgment. As a matter of law, a defendant convicted of such a crime is not eligible for resentencing under section 1172.6. (*People v. Whitson* (2022) 79 Cal.App.5th 22, 34-36; see also *People v. Medrano* (2021) 68 Cal.App.5th 177, 183 [conviction of conspiracy to commit murder requires finding of intent to kill].)

Accordingly, we conclude the trial court correctly determined, based on the record of conviction in this case, defendant was not eligible for relief under section 1172.6 as a matter of law. It follows the court did not err by summarily denying the Petition without conducting further proceedings. And, because the court did not err, defendant was not prejudiced by the challenged order.

In sum, counsel's assessment there were no arguable issues to raise on appeal was manifestly correct. Nothing revealed by our own independent review of the record suggests otherwise.

4

## DISPOSITION

The postjudgment order is affirmed.


DELANEY, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


SANCHEZ, J.